[Civ. No. 20196. Second Dist., Div. One. Aug. 24, 1954.]

Estate of ROBERT ARNOLD, Deceased. FLOSSIE DANIELS, Respondent, v. SAMUEL C. DRAKE et al., Appellants.

James M. Gammon for Appellants.

C. M. Mooslin for Respondent.

DORAN, Acting P. J.—Appellant filed objections to the probate of the will on the grounds that deceased, "was not of sound and disposing mind," and that it was not executed, "In the manner or form required by law." The appeal is, "from the judgment and order admitting to probate the will," of deceased.

It is contended on appeal that,

"POINT I—When the contestants have established a *prima facie* case of the decedent's incompetency and the proponent of the will has in his possession the only direct evidence as to the testamentary capacity of the decedent at the very time the will was executed, and such evidence is suppressed, a presumption arises that the evidence if produced would have been adverse and would have shown a presumption that the decedent was incompetent at the time of the execution of the will.

"POINT II—Where there is a prior testamentary document or declarations of the decedent showing a different disposition of his property than that made by the will, a presumption arises of undue influence unless there is an explanation of the change by the proponents."

It is also contended that the court erred in the instructions and that the verdict is not supported by the evidence.

As recited in appellant's brief, "The decedent Robert Arnold was an elderly man estimated to be 70 or 80 years of age at the date of his death November 10, 1952. He had formerly been a Pullman porter but had not worked at that or any occupation for more than twenty years. For more than twenty-five years prior to his death he had continuously lived at 1011 S. Mariposa Avenue in the City of Los Angeles in a small house owned by him consisting of six rooms and two baths. He also owned 168 acres of uncultivated land in the Antelope Valley. He rented five of the rooms in his house to various tenants for a total of $40.00 per month and lived in the other himself; all of the tenants used the common kitchen. The room occupied by decedent was directly between two of the other rooms and the tenants continually passed back and forth through his bedroom to the kitchen. The proponent of the will had lived in decedent's house on three occasions between 1927 and 1941. During the years from 1947 to 1950 he received old age assistance of $40.00 per month, which was increased to $75.00 per month in 1950. During the years 1946-1952 he was suffering from palsy and kidney ailments, arteriosclerosis and general effects of old age, and gradually declined in strength of body and mind to the date of his death." There was evidence that deceased as pointed out by appellant, "was in a confused state of mind on many occasions" and was afflicted with other manifestations of old age; "he was placed in a sanitarium about May, 1950." With relation to the contentions of appellant, it should be noted that the will was executed February 28, 1949.

The case was tried before a jury and a review of the record shows, as is usual in such situations, that the evidence was conflicting. The record reveals, as argued by respondent, that, "The attorney who drew the will, as much as the other attesting witness, testified as to the conversations and circumstances surrounding the execution of the will, leaving it for the jury to determine whether or not the decedent was of sound mind at the time of the execution of the will."

▮ It appears somewhat unusual that the witnesses for the proponent of the will were not cross-examined on the subject that appellant argues on appeal amounts to a suppression of evidence. As a matter of law no presumption, in the circumstances, results from such a situation.

With regard to the subject of undue influence appellant argues that, "where there are prior testamentary documents or declarations by which the decedent made a radically dif-

258

ferent disposition of his property, unless the proponents offer some reasonable explanation for the change, a presumption arises of undue influence and that this circumstance standing alone is sufficient to support a finding of undue influence." The argument presupposes that the "circumstance" stands alone. The record reveals the evidence on this subject, as on all issues, was conflicting.

A review of the instruction discloses no prejudicial errors and the evidence, as a matter of law, was sufficient.

Affirmed.

Drapeau, J., and Mosk, J., pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.